UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT BURNS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHERIFF GORE, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 25-CV-1258 JLS (AHG)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 2) |

　　　Presently before the Court is Plaintiff Lamont Burns's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2). Having carefully considered Plaintiff's Complaint, Application, and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

/ / /

/ / /

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

The Court cannot find that Plaintiff has alleged with sufficient certainty that he would be unable to afford the necessities of life should he be required to pay the requisite filing fee. Plaintiff indicates that his monthly income consists of $900 from employment, but he then leaves the section of the IFP Application blank that asks Plaintiff to list his employment history for the past two years. IFP Appl. at 1–2. And despite listing his monthly income from employment as $900, Plaintiff otherwise leaves the remainder of the income section of the IFP Application blank, calculating at the end of the section that his total monthly income is $0. *Id.* at 2. Plaintiff then leaves blanks the following two sections, which ask for, respectively, his spouse's employment history and the amount of cash Plaintiff has in bank accounts or other financial institutions. *Id.* Plaintiff also lists monthly expenses of $600 for rent and $600 for recreation, entertainment, newspapers, magazines, etc., but he then calculates at the end of the expenses section that he has $0 in total monthly expenses. *Id.* at 4–5. Finally, Plaintiff indicates in question nine that he expects a major change to his monthly income, expenses, assets, or liabilities during the next twelve months, but he then fails to describe that expected change on an attached sheet as is required by the instructions. *Id.* at 5.

"Without further explanation, '[i]t is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action.'" *Turner v. City of San Diego*, No. 23-CV-29 TWR (NLS), 2023 WL 163492, at *1 (S.D. Cal. Jan. 10, 2023) (quoting *Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2022 WL 17573923, at *2 (S.D. Cal. Nov. 7, 2022)). Given the internal inconsistencies presented by Plaintiff's IFP Application and the lack of detail Plaintiff provides regarding his income and expenses, the Court finds that Plaintiff has not satisfied his burden to show that his financial condition warrants lifting the filing fee requirement. Accordingly, the Court **DENIES** Plaintiff's IFP Application. Said denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP application that cures the above-noted deficiencies. If Plaintiff wishes to refile his IFP application, he "should note that the IFP application specifically instructs applicants not to

leave any blanks, and to instead response [sic] '0,' 'none,' or 'not applicable (N/A)' as necessary." *Herta*, 2022 WL 17573923, at *2.

## CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. § 1914(a); and

3. Plaintiff is **GRANTED** an additional thirty (30) days from the date on which this Order is electronically docketed to either (1) pay the entire $405 statutory and administrative filing fee, or (2) file a new IFP application alleging that he is unable to pay the requisite fee. ***Should Plaintiff fail to either pay the filing fee or file a new IFP application, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action without prejudice***.

**IT IS SO ORDERED.**

Dated: July 9, 2025

Hon. Janis L. Sammartino
United States District Judge